DENISE M. MINGRONE (STATE BAR NO. 135224)
dmingrone@orrick.com
ROBERT L. URIARTE (STATE BAR NO. 258274)
ruriarte@orrick.com
KAYVAN GHAFFARI (STATE BAR NO. 299152)
kghaffari@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:   +1 650 614 7400
Facsimile:    +1 650 614 7401

Attorneys for Plaintiff
SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GYRFALCON TECHNOLOGY INC., and DOES 1-10, inclusive,, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT 17 U.S.C. §§ 1201, ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

COMPLAINT FOR VIOLATION OF
DIGITAL MILLENNIUM COPYRIGHT ACT
17 U.S.C. §§ 1201, ET SEQ.

Plaintiff Synopsys, Inc. ("Synopsys") hereby brings this Complaint against Defendant Gyrfalcon Technology Inc. ("Gyrfalcon") for circumventing technological measures that effectively control access to Synopsys software, including at least its Design Compiler, Formality, Power Compiler, PrimeTime, VCS, and Verdi applications, in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, et seq. (the "DMCA").  Synopsys seeks injunctive relief, statutory and/or actual damages, attorneys' fees and costs, an accounting, and any such other relief as the Court may deem proper.  Synopsys alleges the following based on personal knowledge, unless indicated as on information and belief.

**PARTIES**

1. Plaintiff Synopsys is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Mountain View, California.

2. Defendant Gyrfalcon is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Milpitas, California.

3. Plaintiff does not presently know the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive. Plaintiff may seek leave of court to amend this Complaint to allege said defendants' true names and capacities once it ascertains this information.

**JURISDICTION AND VENUE**

4. This action arises under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Gyrfalcon because its principal place of business lies within the State of California, and because it has conducted and does conduct business within the State of California and the Northern District of California.

6. Venue in this district is appropriate under 28 U.S.C. §§ 1391 and 1400 because, on information and belief, all defendants reside in the State of California and the Northern District of California, and because a substantial part of the events giving rise to the dispute occurred within this district.

**FACTUAL ALLEGATIONS**

7. As modern electronic devices become more and more compact and powerful, they use increasingly sophisticated computer processor chips. For example, computer chips found in modern LED video displays can contain millions of transistors. When designing a computer processing chip, the stakes are enormous. Chip designers need software that will ensure that their complex designs will work flawlessly. Accordingly, chip designers require extremely robust and powerful computer software to design and test those chips. Many of the world's biggest and most important chip design companies turn to Synopsys for that software.

8. Since it was founded in 1986, Synopsys has been a leading provider of Electronic Design Automation ("EDA") solutions for the semiconductor industry. EDA generally refers to using computers to design, verify, and simulate the performance of electronic circuits. For more than 30 years, Synopsys' solutions have helped semiconductor manufacturers and electronics companies design, test, and manufacture microchips and electronic systems for a wide range of products. Headquartered in Mountain View, California, Synopsys is the fifteenth largest software company in the world and currently employs over 11,000 employees worldwide. Synopsys has developed a comprehensive, integrated portfolio of prototyping, IP, implementation, verification, manufacturing, optical, field-programmable gate array, and software quality and security solutions.

9. Synopsys' EDA software applications, including its Design Compiler, Formality, Power Compiler, PrimeTime, Verdi and VCS applications, are works subject to copyright protection under Title 17 of the United States Code.

10. Plaintiff is informed and believes that Gyrfalcon, which is based in Silicon Valley and was founded in January 2017, designs and manufactures application-specific integrated circuits ("ASIC") for "Internet of things" ("IOT") devices that enable high-performance and low-power Artificial Intelligence ("AI"). According to publicly available business information regarding Gyrfalcon, Gyrfalcon employs a team of "veteran entrepreneurs and experts" with "expertise in ASIC design."

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

COMPLAINT FOR VIOLATION OF
DIGITAL MILLENNIUM COPYRIGHT ACT
17 U.S.C. §§ 1201, ET SEQ.

11. According to publicly available business information regarding Gyrfalcon, Gyrfalcon developed and launched its first ASIC, the Lightspeeur 2801S, around January 2018, approximately one year after its founding. Gyrfalcon has described its ASICS as a "breakthrough" technology and, based on Gyrfalcon's website, already has as customers some of the world's leading technology companies such as LG Electronics, Inc. ("LG"), Samsung Electronics Co. Ltd., ("Samsung"), and Fujitsu Ltd.

12. According to publicly available business information regarding Gyrfalcon, sometime after Gyrfalcon launched its Lighspeeur 2801S chip, Gyrfalcon and LG announced a global collaboration to develop AI chip solutions. Chris Roh, Vice President of LG, described Gyrfalcon as offering "unique low-power, high performance AI chip solutions which address the enormous market need, especially on the edge and device side, where there aren't many solutions offered today in the market."

13. Synopsys does not sell ownership rights or copyright or other intellectual property rights to its EDA software and associated services. Instead, Synopsys customers purchase licenses. These licenses grant Synopsys customers limited rights to install Synopsys' EDA software and to access and use specific Synopsys software programs subject to control by Synopsys' License Key system.

14. Synopsys' License Key system is a built-in security system that controls access to its licensed software by requiring a user to access a key code provided by Synopsys in order to execute the licensed software. This key code controls the quantity and term of the licensed software in accordance with the license terms.

15. Defendants have never obtained a valid license from Synopsys to access and use the EDA software that is at issue herein.

16. Beginning at a time unknown to Synopsys, Defendant has been using counterfeit keys to circumvent the Synopsys License Key system and access and use Synopsys' EDA software, including at least its Design Compiler, Formality, Power Compiler, PrimeTime, VCS, and Verdi applications, without a valid license. Defendant knew or had reason to know that their

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

COMPLAINT FOR VIOLATION OF
DIGITAL MILLENNIUM COPYRIGHT ACT
17 U.S.C. §§ 1201, ET SEQ.

access and use of Synopsys' software was unauthorized and in violation of the DMCA and Synopsys' valuable copyrights. The fact that Defendant was not being required to pay Synopsys a license fee for access and use of the software alone should have put Defendant on notice that its access and use of Synopsys' software was unauthorized.

17. Upon information and belief, Defendant Gyrfalcon has used a counterfeit key to circumvent the Synopsys License Key access-control system over at least 7,900 times by eleven users on 21 unique machines.

18. Synopsys first discovered that Gyrfalcon was using counterfeit license keys to access Synopsys' software in February 2018, at which point Synopsys conducted an investigation into Gyrfalcon's activities that culminated in a June 5, 2018 notice to Gyrfalcon demanding that it cease and desist unauthorized use of Synopsys' software.  Synopsys and Gyrfalcon have since engaged in lengthy licensing discussions regarding Synopsys' claims.  Synopsys has provided Gyrfalcon with ample evidence of Gyrfalcon's unauthorized usage of Synopsys software. Defendant Gyrfalcon conceded it was using Synopsys' software without authorization.

## FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201)

19. Synopsys hereby restates and re-alleges the allegations set forth in paragraphs 1 through 16 above and incorporates them by reference.

20. Section 1201(a)(1) provides, in pertinent part, that no person shall circumvent a technological measure that effectively controls access to a work protected under this title.

21. Synopsys' EDA software, including its Design Compiler, Formality, Power Compiler, PrimeTime, Verdi and VCS applications, is subject to protection under the copyright laws of the United States.

22. Access to Synopsys' EDA software, including its Design Compiler, Formality, Power Compiler, PrimeTime, Verdi and VCS applications, is controlled by technological measures: namely, the Synopsys License Key system.

COMPLAINT FOR VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT
17 U.S.C. §§ 1201, ET SEQ.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

23. Rather than paying a license to Synopsys for access and use of the EDA software, Defendants used counterfeit license keys that, on information and belief, Defendants knew to be counterfeit and in violation of Synopsys' valuable rights.

24. By using counterfeit license keys, Defendants have circumvented the Synopsys License Key access-control system, and have unlawfully gained access thereby to at least its Design Compiler, Formality, Power Compiler, PrimeTime, VCS, and Verdi applications.

25. The conduct described above has cost Synopsys an amount to be computed at trial, but that amount is in the millions of dollars in lost revenue, and constitutes a violation of 17 U.S.C. § 1201.

26. The conduct described above was willful and with knowledge of wrongdoing; an award of damages is necessary to dissuade Defendants and others from the use of counterfeit license keys.

27. Accordingly, pursuant to 17 U.S.C. § 1203, Synopsys is entitled to and hereby demands statutory and/or actual damages in the maximum amount for each of the violations of the statute.

28. Synopsys is further entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

29. Defendants' conduct, unless enjoined and restrained by the Court, will cause irreparable harm to Synopsys, which has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203, Synopsys is entitled to a preliminary and permanent injunction prohibiting further violations of § 1201.

## PRAYER FOR RELIEF

WHEREFORE, Synopsys prays for judgment against Defendants as follows:

A. Entry of judgment in favor of Synopsys against Defendants;

B. An order awarding Synopsys statutory and/or actual damages for each instance on which Defendants circumvented measures controlling access to Synopsys' software pursuant to 17 U.S.C. § 1203;

1    C.    Prejudgment and post-judgment interest;

2    D.    An order awarding Synopsys its costs and attorneys' fees pursuant to 17 U.S.C. § 1203;

4    E.    An order for an accounting of all gains, profits, cost savings and advantages realized by Defendants from their acts;

6    F.    An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with them, from circumventing or aiding and abetting others to circumvent Synopsys' License Key system or other technological measures that control access to Synopsys' works in violation of 17 U.S.C. § 1201; and

11   G.    All such further and additional relief, in law or equity, to which Synopsys may be entitled or which the Court deems just and proper.

Dated: October 17, 2018

By: _____ */s/ Denise M. Mingrone* _____
DENISE M. MINGRONE
Attorneys for Plaintiff
SYNOPSYS, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4147-3404-0344

- 7 -

COMPLAINT FOR VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT
17 U.S.C. §§ 1201, ET SEQ.