DENISE M. MINGRONE (STATE BAR NO. 135224)
dmingrone@orrick.com
ROBERT L. URIARTE (STATE BAR NO. 258274)
ruriarte@orrick.com
KAYVAN GHAFFARI (STATE BAR NO. 299152)
kghaffari@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

Attorneys for Plaintiff
SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GYRFALCON TECHNOLOGY INC., and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 3:18-cv-06361<br><br>**PLAINTIFF SYNOPSYS, INC.'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY AND ENTRY OF A PROTECTIVE ORDER**<br><br>DATE: November 29, 2018<br>TIME: 10:00 am<br>COURT: Courtroom 11, 19th Floor<br>JUDGE: Hon. James Donato |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

SYNOPSYS' MOT. & MEM. ISO EXPEDITED
DISCOVERY

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD PLEASE TAKE NOTICE** that at 10:00 am on November 29, 2018, or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, San Francisco, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable James Donato, in Courtroom 11, 19th Floor, Plaintiff Synopsys, Inc. ("Synopsys") will and hereby does move the Court for an Order granting (1) expedited forensic discovery of Gyrfalcon's electronic devices and/or systems used to access Synopsys' software without authorization and (2) the issuance of a protective order, allowing the parties the ability to designate and file certain confidential information under seal.

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declarations of Norman F. Kelly in Support of Motion for Expedited Discovery ("Kelly Decl.") and Denise Mingrone ("Mingrone Decl."), and any evidence on file with the Court and/or that may be presented in support of the motion during the hearing, and on such other written and oral argument presented to the Court.

DATED: October 25, 2018

By: */s/ Denise Mingrone*
DENISE MINGRONE
Attorneys for Plaintiff
SYNOPSYS, INC.

# TABLE OF CONTENTS

**Page No.**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | STATEMENT OF FACTS | | 2 |
| | A. | Synopsys' Business and Cutting Edge Software Solutions | 2 |
| | B. | Gyrfalcon's Unauthorized Access and Use of Synopsys' Software Using Counterfeit License Keys | 3 |
| | C. | Synopsys' Discovery of Gyrfalcon's Infringing Conduct | 3 |
| | D. | Gyrfalcon's Development of an Application-Specific Integrated Circuit | 4 |
| III. | EXPEDITED DISCOVERY SHOULD BE ORDERED | | 4 |
| | A. | The Court Should Impound Any Device Gyrfalcon Used for Circumvention Under the DMCA | 5 |
| | B. | Good Cause for Expedited Discovery Exists in this Case | 7 |
| IV. | PROPOSED PROTECTIVE ORDER SHOULD BE ENTERED | | 11 |
| V. | CONCLUSION | | 11 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Mobile Star LLC*,
 2017 WL 4005468, at *4 (N.D. Cal. Sept. 12, 2017) ................................................................ 7

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
 2011 U.S. Dist. LEXIS 53233 (N.D. Cal. May 18, 2011) ......................................................... 7

*Dollcraft Industries, Ltd. v. Well-Made Toy Mfg. Co.*,
 479 F. Supp. 1105 (E.D.N.Y 1978) ........................................................................................... 6

*Duchess Music Corp. v. Stern*,
 458 F.2d 1305 (9th Cir. 1972), *cert. denied*, 409 U.S. 847 (1972) ...................................... 5, 6

*Hand & Nail Harmony, Inc. v. ABC Nail & Spa Prods.*, No. SA CV 16-0969, 2016
 WL 3545524, at *8 (C.D. Cal. June 28, 2016) ......................................................................... 9

*Mitchell Int'l, Inc. v. Fraticelli*,
 2007 WL 4197583 (D. P.R. 2007) ............................................................................................. 6

*Nintendo of America, Inc. v. Elcon Indus., Inc.*,
 564 F. Supp. 937 (E.D. Mich. 1982) ......................................................................................... 6

*Nobelbiz, Inc. v. Wesson*,
 2014 U.S. Dist. LEXIS 54432 (S.D. Cal. April 18, 2014) ........................................................ 8

*Rebis v. Universal CAD Consultants, Inc.*,
 1998 WL 470475 (N.D. Cal. 1998) ........................................................................................... 6

*Rovio Entm't v. Royal Plush Toys, Inc.*,
 907 F. Supp. 2d 1086 (N.D. Cal. 2012) .................................................................................... 7

*SCEA v. Hotz*,
 2011 WL 568032 (N.D. Cal., Jan. 11, 2011) ............................................................................. 6

*Sega Enters. v. MAPHIA*,
 857 F. Supp. 679 (N.D. Cal. 1994) ........................................................................................... 6

*Semitool, Inc. v. Tokyo Electron America, Inc.*,
 208 F.R.D. 273 (N.D. Cal. 2002) ........................................................................................... 7, 9

*Washington v. Lumber Liquidators, Inc.*,
 2015 WL 2089992 (N.D. Cal. May 5, 2015) ............................................................................ 7

*WPOW, Inc. v. MRLJ Enters.*,
 584 F. Supp. 132 (D.D.C. 1984) ................................................................................................ 6

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- ii -

SYNOPSYS' MOT. & MEM. ISO EXPEDITED
DISCOVERY

| | |
|---|---|
| 1 | *Yamate USA Corp. v. Sugerman*, |
| 2 | 1991 WL 274854 (D.N.J. 1991)......................................................................................5, 6 |

**Statutes**

17 U.S.C. § 1201(a) ..............................................................................................................6

United States Code Title 17 ..................................................................................................2

DMCA § 1203(b)(2) .........................................................................................................5, 6

**Other Authorities**

Fed. R. Civ. P. 26 ..................................................................................................................7

Fed. R. Civ. P. 26(d) .............................................................................................................7

Fed. R. Civ. P. 26(d)(1) .........................................................................................................7

Fed. R. Civ. P. 26(f) ..............................................................................................................7

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

# I. **INTRODUCTION**

Concurrent with this motion for expedited discovery, Synopsys, Inc. ("Synopsys") has filed a stipulation and order for entry of a preliminary injunction against Defendant Gyrfalcon Technology, Inc. ("Gyrfalcon") which prevents Gyrfalcon from continuing to illegally access and use Synopsys' industry-leading software via unauthorized counterfeit license keys. Gyrfalcon concedes its illegal use of Synopsys' software, thereby confirming the urgent need for immediate discovery because the true extent of Gryfalcon's illicit activities remains unknown at the present time. More specifically, Synopsys is unaware of the specific identities of the users who improperly accessed its software and whether said users have further disseminated Synopsys' software to third parties or saved the software to other unknown devices. Nor does Synopsys have confirmation that Gryfalcon has both ceased using Synopsys' software and has not further disseminated nor stored said software. Given Gryfalcon's success with its first chip, they are gearing up to fulfill an "ambitious plan" to create *more* chips by the end of 2018. Rapid develop of a chip can only be accomplished with the aid of software that Synopsys and others develop. However, Synopsys offers industry-leading software for chip design and Synopsys knows—and Gyrfalcon has conceded—that Gyrfalcon exploited Synopsys' software for at least 26 months.

Synopsys has filed a complaint for relief pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201, *et seq.*, against Gyrfalcon and now seeks to ensure critical evidence is preserved in order to determine the full scope of Gyrfalcon's unlawful access to and use of Synopsys' software. Immediate relief is necessary not only to confirm that Gyrfalcon's illegal conduct has been halted but to reveal whether and to whom Gyrfalcon has unlawfully disseminated Synopsys' protected EDA software. The sole method for Synopsys to discover this information is to immediately impound, image and analyze the data that resides exclusively on Gyrfalcon's electronic devices. Due to the mobility of the data, this evidence is highly vulnerable to transfer, loss, or deletion, even if by inadvertence. This data must be preserved, and immediately, to verify the length and scope of the wrongful acts of infringement perpetrated by Gyrfalcon and to ensure further illegal use and/or dissemination of Synopsys' proprietary intellectual property is stopped.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

SYNOPSYS' MOT. & MEM. ISO EXPEDITED
DISCOVERY

The expedited discovery that Synopsys needs now is limited and narrow in scope; it bears directly on the breadth of Gyrfalcon's infringement and whether Gyrfalcon continues to use Synopsys' software without authorization. Filed concurrently herewith is the Court's "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets" ("Model Order"), which Synopsys requests be entered with its proposed order granting expedited discovery. Court relief is now necessary to determine the breadth of Gyrfalcon's illegal activities and to preserve all evidence in this matter. As shown below, the good cause standard in the Ninth Circuit for expedited discovery is met in this case.

## II. STATEMENT OF FACTS

### A. Synopsys' Business and Cutting Edge Software Solutions

Synopsys provides industry-leading and cutting edge Electronic Design Automation ("EDA") solutions for the semiconductor industry. EDA generally refers to using computers to design, verify, and simulate the performance of electronic circuits. Semiconductor manufacturers and electronics companies use EDA software to design, test, and manufacture microchips for a wide range of products. Synopsys has developed a comprehensive, integrated portfolio of intellectual property covering semiconductor prototyping, implementation, verification, manufacturing, optical, field-programmable gate array, and software quality and security solutions. Specific copyrighted software pirated by Gyrfalcon include at least Synopsys' Design Compiler, Formality, Power Compiler, PrimeTime, VCS, and Verdi applications ("EDA software"). These software tools enable chip manufacturers to virtually design and test new chip designs in faster, more efficient environments. These works are all protected under Title 17 of the United States Code.

Synopsys does not sell ownership, copyright or other intellectual property rights to its proprietary EDA software nor to its associated services. Instead, Synopsys customers license the software granting limited rights to use Synopsys' intellectual property. Synopsys software is licensed only via strict controls which monitor and limit access and use specific to each licensee's terms. All Synopsys software programs are subject to control by Synopsys' license key system. Synopsys controls and restricts access to its EDA software by using a license key system.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

SYNOPSYS' MOT. & MEM. ISO EXPEDITED
DISCOVERY

███████████████████████████████████████████
███████████████████████████████████████████.
Kelly Decl., ¶ 4. ████████████████████████████
████████████████. *Id*. Customers can therefore purchase various levels of access to different types of software. *Id*.

### B. <u>Gyrfalcon's Unauthorized Access and Use of Synopsys' Software Using Counterfeit License Keys</u>

Unfortunately, in today's world of cyber-crime, sophisticated web criminals have found a myriad of ways to illegally obtain Synopsys' software, such as by using counterfeit versions of Synopsys license key codes and binaries. While Synopsys makes every effort to track and shut down these illegal actions, it is unable to locate every instance of misconduct. Gyrfalcon is one such instance. Synopsys is informed and believes that Gyrfalcon is using counterfeit license keys to circumvent the Synopsys license key access-control system and to access and use Synopsys' EDA software without authorization. Rather than properly license this software from Synopsys, Gyrfalcon has instead chosen to steal that software without consequence, which Gyrfalcon concedes. *Id*. at ¶ 9, Ex. C.

### C. <u>Synopsys' Discovery of Gyrfalcon's Infringing Conduct</u>

Synopsys' EDA Software and license server software are designed to execute only after determining the user has a valid license key file authorizing the execution of the Software. ████████████████████████████████████████████████████████████████████████████████████████████. *Id*. at ¶ 6. ████████████████████████████████████████████████████████. *Id*.



That technology has confirmed over 7,900 total instances of unauthorized access and use by Defendant spanning *26 months* through June 2018, when Synopsys notified Gyrfalcon that it became aware of Defendant's unauthorized activity and sought to enter into license negotiations. *Id*. at Ex. A. Synopsys confirmed that it has not licensed use of its software or granted any other form of authorized access to Defendant. *Id*.

### D. Gyrfalcon's Development of an Application-Specific Integrated Circuit

Gyrfalcon has been developing an application-specific integrated circuit ("ASIC") to enable high-performance and low-power artificial intelligence ("AI"). ASICs are integrated circuits that can be customized for a particular use, as opposed to regular central processing units that are intended for general-purpose use. For example, an ASIC chip can be designed specifically for powering AI workloads such as natural language processing. Gyrfalcon announced the release of its first ASIC, Lightspeeur SPR2801 in January 2018. *See* Mingrone Decl., ¶ 3, Exh. A. In a press release, Gyrfalcon claims its ASICs are a "breakthrough" for Internet-of-Things ("IoT") device makers, *Id*. at ¶ 5, Exh. C, and that Gyrfalcon is "paving the way for the next wave of AI products to make it to the market." *Id*., Exh. D.

Gyrfalcon has been lauding its success of the release of its Lightspeeur SPR2801, claiming Gyrfalcon is "already working with more than 10 customers to get its [Lightspeeur SPR2801] chips in their products, including the South Korean electronics [ ] and [a major] Japanese computing [ ]." *Id*., Exh. D. Gyrfalcon has received two rounds of funding from China, Korea, Japan and the U.S., is beginning to see a revenue stream, and recently announced a collaboration with a global electronics giant to continue developing and integrating Gyrfalcon's ASICs AI development. *Id*., ¶¶ 3-4, Exhs. A-B. In addition, Gyrfalcon announced it has "ambitious plans to field a second product by June [2018] with increased performance and a whole new family of chips by the end of the [2018]." *Id*., ¶ 3, Exh. A.

Gyrfalcon's media blitz and its recent success in the market is due in large part to the use of Synopsys' Software. And Gyrfalcon may still be using Synopsys' software in order to fulfill its "ambitious plans" to expand its line of ASIC chip offerings. Without immediate discovery, there is a significant risk that Gyrfalcon will continue its campaign of illegally using Synopsys' Software.

### III. EXPEDITED DISCOVERY SHOULD BE ORDERED

The narrow expedited discovery Synopsys seeks is reasonable and bears directly on Gyrfalcon's DMCA violations. Synopsys seeks discovery on the devices used to circumvent Synopsys' systems and access Synopsys software. Only by inspecting those devices will

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

SYNOPSYS' MOT. & MEM. ISO EXPEDITED
DISCOVERY

Synopsys—and the Court—learn the true scope of Gyrfalcon's circumvention and the identities of those central to the illicit activities. Synopsys also seeks to discover whether Gyrfalcon has ceased using Synopsys' software, as well as whether it has disseminated such software to others, or stored the software on additional devices. Given the ease at which electronic data can be erased from a device (even inadvertently), Synopsys seeks immediate inspection to preserve the status quo without the risk or threat of the destruction of evidence. Only immediate relief on an expedited basis will provide assurances that evidence of Gyrfalcon's DMCA violations will be preserved at this stage. Synopsys' proposed expedited discovery is set forth herein and is narrowly tailored. Synopsys seeks only to inspect the devices identified by MAC address that Synopsys identified as circumventing its systems and devices from a separate, and limited, set of custodians identified as having circumventing Synopsys' systems. Good cause exists for the Court to order this expedited discovery.

### A. The Court Should Impound Any Device Gyrfalcon Used for Circumvention Under the DMCA

Section 1203(b)(2) of the DMCA provides that, in connection with an action under the DMCA, a court "at any time while an action is pending, may order the impounding, on such terms as it deems reasonable, of any device or product that is in the custody or control of the alleged violator and that the court has reasonable cause to believe was involved in a violation." Accordingly, Synopsys seeks the impoundment of any and all devices within the possession, custody or control of Gyrfalcon which Gyrfalcon used/uses to circumvent Synopsys' access control measures protecting Synopsys' copyrighted software, including computers, hard drives, USB drives and other media.

Impoundment "is a form of preliminary relief and the same standards apply with respect to issuance of an impoundment order as to issuance of a preliminary injunction." *Yamate USA Corp. v. Sugerman*, 1991 WL 274854, at \*14 (D.N.J. 1991). Courts routinely order the impoundment of infringing or illegal materials in preliminary injunction cases. *See, e.g., Duchess Music Corp. v. Stern*, 458 F.2d 1305, 1308 (9th Cir. 1972), *cert. denied*, 409 U.S. 847 (1972) (impoundment order in copyright infringement case should "impound *everything* the plaintiff

SYNOPSYS' MOT. & MEM. ISO EXPEDITED DISCOVERY

alleges infringes his copyright," including any "means" for making infringing copies) (emphasis in original); *SCEA v. Hotz*, 2011 WL 568032 (N.D. Cal., Jan. 11, 2011) (ordering impoundment of computers used by defendants to design tools for circumventing PlayStation 3 game console's software protection); *Sega Enters. v. MAPHIA*, 857 F. Supp. 679, 691 (N.D. Cal. 1994) (ordering the impoundment of video game copiers and unauthorized copies of video game software); *Rebis v. Universal CAD Consultants, Inc.*, 1998 WL 470475 *4–5 (N.D. Cal. 1998) (ordering the impoundment of infringing software).[1]

In *Duchess Music Corp.*, the Ninth Circuit held it was an error for the district court not to order impoundment of machines used by defendants to reproduce the copyrighted records. 458 F.2d at 1308. The Ninth Circuit explained that "machines, blank cassettes and cartridges . . . and other devices are 'other means' for making infringing copies to [plaintiffs] copyrights" and thus "fall within the scope of both the statute and the rules and were properly impounded." *Id*. Further, computers, when used to copy and store copyrighted programs, also are subject to impoundment. *See Mitchell Int'l, Inc. v. Fraticelli*, 2007 WL 4197583, *10 (D. P.R. 2007) (ordering impoundment of defendant's computers to determine whether they contained any of plaintiffs copyrighted software programs).

In *SCEA v. Hotz*, this court granted a temporary restraining order based in part on a claim under 17 U.S.C. § 1201(a), and ordered the impoundment pursuant to 17 U.S.C. § 1203(b)(2) of computers used by the defendants to develop tools to circumvent software protection mechanisms used by SCEA to control access to the PlayStation 3 game console. 2011 WL 347137, at *1–3. As in *SCEA*, here, Synopsys has asserted a claim under 17 U.S.C. § 1201(a) and presents powerful evidence showing that Gyrfalcon used certain computers within their possession and control to circumvent access control measures protecting access to Synopsys' copyrighted

---

[1] *See also Yamate USA Corp.*, 1991 WL 274854, *14 (ordering the impoundment of defendants' equipment used in making infringing video games); *Nintendo of America, Inc. v. Elcon Indus., Inc.*, 564 F. Supp. 937, 938 (E.D. Mich. 1982) (ordering the impoundment of infringing video games); *WPOW, Inc. v. MRLJ Enters.*, 584 F. Supp. 132, 139 (D.D.C. 1984) (impoundment of infringing material issued since the standard for preliminary injunction was met); *Dollcraft Industries, Ltd. v. Well-Made Toy Mfg. Co.*, 479 F. Supp. 1105, 1118 (E.D.N.Y 1978) (ordering impoundment of materials infringing copyright and components used for manufacture of the infringing items).

software.  What is unknown, however, is the true extent of Gyrfalcon's illegal acts and whether it is continuing to circumvent Synopsys' Software.  And these illegal acts will reduce the value of Synopsys' copyrights in its EDA software, including harm to Synopsys' revenue streams.  Kelly Decl. ¶ 10.  Impoundment is necessary to answer these questions and affirmatively end Gyrfalcon's continuing violations of the law.

### B. Good Cause for Expedited Discovery Exists in this Case

The Federal Rules of Civil Procedure provide this Court with broad discretion to permit expedited discovery.  Federal Rule of Civil Procedure 26(d) provides that court-ordered discovery prior to a conference between the parties is "appropriate" in urgent cases.  Notes of Advisory Committee, Fed. R. Civ. P. 26; Fed. R. Civ. P. 26(d).  Generally, "[a] party may not seek discovery . . . before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Fed. R. Civ. Pro. 26(d)(1).  "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Rovio Entm't v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

"In determining whether good cause justifies expedited discovery, courts commonly consider factors including: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [party opposing expedited discovery] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2011 U.S. Dist. LEXIS 53233 at *4 (N.D. Cal. May 18, 2011) (awarding expedited discovery); *see also Washington v. Lumber Liquidators, Inc.*, 2015 WL 2089992, at *2 (N.D. Cal. May 5, 2015) ("the Court notes that the pendency of Plaintiffs' motion for a preliminary injunction supports their request for expedited discovery"); *Apple Inc. v. Mobile Star LLC*, 2017 WL 4005468, at *4 (N.D. Cal. Sept. 12, 2017) (allowing Apple to take a second Rule 30(b)(6) deposition after granting expedited discovery: "my purpose in allowing expedited discovery was

so that Apple could secure enough discovery to support its motion for a Preliminary Injunction, not to be ready for trial").

Good cause exists in this case for the Court to allow for limited expedited forensic discovery of Gyrfalcon's computers and devices. Specifically, the infringing devices can, upon impound, be imaged to preserve all evidence thereon. As described above, Synopsys has evidence that Gyrfalcon is accessing and using Synopsys' software without authorization, by using counterfeit license keys to download and run the software from Synopsys' secure webpage. However, without the requested discovery, Synopsys is unable to determine the full extent of such unauthorized use, including whether Gyrfalcon's misconduct is on an even grander scale than already discovered. The expedited discovery requested herein would provide Synopsys with the information it requires to identify the scope and extent of Gyrfalcon's unauthorized use of Synopsys' EDA software. Most importantly, the requested discovery will enable critical evidence to be preserved. It will also reveal whether Gyrfalcon has further disseminated Synopsys' proprietary software to other unauthorized users or has continued to use Synopsys' software for its "ambitious plans."

Pursuant to *Apple Inc.*, *supra*, courts also consider the breadth of the expedited discovery request, as well as the burden on the defendant if they are required to respond to that request. Both of these factors weigh in favor of granting Synopsys leave to conduct expedited discovery. The discovery Synopsys requests herein on an expedited basis is exceedingly narrow in scope: Synopsys seeks solely to forensically image and analyze Gyrfalcon's computers and devices for the sole purpose of determining the extent of the unauthorized use of Synopsys' EDA software. This information will be resident on the Gyrfalcon computers and devices, and gathering it will take virtually no effort. It is information that is relevant and which Gyrfalcon will be required to produce in the normal course of discovery. Yet delay in discovery could cause this evidence to be altered or destroyed, even inadvertently. Additionally, without such immediate discovery, Synopsys has no way to determine whether Gyrfalcon is further accessing and/or disseminating Synopsys' copyrighted software.

In *Nobelbiz, Inc. v. Wesson*, 2014 U.S. Dist. LEXIS 54432, at *4 (S.D. Cal. April 18,

2014), the court granted plaintiff leave to conduct the requested expedited discovery, finding (1) that the requested discovery was directly relevant to plaintiff's claim; (2) that expedited discovery "would allow the Court to address any request for preliminary injunctive relief at the outset of the case, thereby providing a measure of clarity to the parties early in the proceeding and facilitating effective case management;" (3) that the discovery requests were "appropriately restrained in breadth and scope;" and (4) that compliance by the defendant would not be unduly burdensome. Synopsys' expedited discovery request meets all of these factors by (1) only requesting evidence directly relevant to Synopsys' claims (2) that will be relevant to the Court's granting of the requested stipulation for entry of a preliminary injunction Synopsys seeks in this litigation, and by (3) requesting very targeted and limited information that (4) it will not place any burden on Gyrfalcon to provide.

Most importantly, Synopsys' purpose in requesting the expedited discovery – another factor courts consider – is to ensure that electronic evidence that is material to this litigation is not altered, deleted, destroyed or otherwise lost in the ordinary course of Gyrfalcon's business. *See Hand & Nail Harmony, Inc. v. ABC Nail & Spa Prods.*, No. SA CV 16-0969, 2016 WL 3545524, at *8 (C.D. Cal. June 28, 2016) (ordering expedited discovery, in part, to ensure that evidence is not "secreted, concealed, destroyed, sold off, or otherwise disposed of"). The information Synopsys seeks resides exclusively on Gyrfalcon's computers and devices, and is information that is highly vulnerable to transfer, loss or deletion. Kelly Decl., ¶¶ 11-12. The best way to ensure against possible loss is to examine and preserve the electronic evidence as soon as possible. An order granting leave to conduct expedited discovery is the best way to ensure that no evidence is lost or otherwise tampered with during the course of this litigation.

Finally, the proposed discovery will not prejudice or unduly burden Gyrfalcon. *Semitool, supra*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). Gyrfalcon will not be burdened by this straightforward request to image its computers and devices as this can be accomplished outside normal business hours to the extent necessary to avoid disruption to lawful business activity. This discovery is material to Synopsys' claims and

may also aid in any defense Gyrfalcon may wish to raise in this matter. This is also information Gyrfalcon will otherwise be required to provide in the normal course of discovery. However, should the information sought be deleted, altered or otherwise overwritten in the ordinary course, the prejudice to Synopsys via the loss of its ability to prove its claims will outweigh any prejudice to defendant Gyrfalcon caused by providing immediate access to its computers and devices.

The specific discovery Synopsys seeks are the computers and devices used by Gyrfalcon to directly or indirectly access any Synopsys software or products and in its possession, custody, The devices include but are not limited to:

(1) all computers with any of the following hostnames and/or MAC addresses:

| Hostname | MAC Address | Additional MAC Address |
|---|---|---|
| rhel19 | 00:1A:A0:36:A0:0D | 00:1A:A0:36:A0:0C |
| rhel38 | DC:FE:07:11:8F:53 | |
| ubnt27 | 00:1E:C9:30:1B:F4 | |
| rhel21 | 00:1D:09:31:12:84 | |
| ubnt40 | 98:EE:CB:2C:90:0D | |
| ubnt26 | 00:1E:C9:30:18:13 | |
| rhel25 | 78:2B:CB:36:B1:79 | |
| rhel20 | 00:1D:09:31:20:E6 | |
| rhel09 | 98:EE:CB:2C:90:0D | |
| ubnt31 | 00:1E:C9:30:22:F2 | |
| ubnt29 | 00:1E:C9:30:01:3B | |
| ubnt39 | DC:FE:07:11:8D:32 | |
| rhel126 | 84:2B:2B:06:DA:FD | |
| ubnt38 | DC:FE:07:11:8F:53 | |
| ubnt32 | 00:1D:09:35:05:52 | |
| rhel40 | 98:EE:CB:2C:90:0D | |
| rhel96 | 10:7B:44:4F:13:92 | |
| rhel43 | 98:EE:CB:23:9D:B6 | |
| rhel41 | 84:16:F9:04:49:7A | |

| rhel22 | 00:1D:09:31:12:79 | |
| rhel42 | 4C:CC:6A:94:DF:CA | |

(2) all computers, network storage drives, and external devices, including without limitation disk drives, flash drives, cloud drives, and network drives, used and/or accessed by any of the individuals with the following usernames:

| daniel | linyang |
| davidwei | rihuawei |
| haiju | root |
| helen | singsai |
| helenliu | sysadmin |
| jayli | tianshu |
| kiwichen | linyang |

## IV. **PROPOSED PROTECTIVE ORDER SHOULD BE ENTERED**

Information contained herein and in the Kelly Declaration describing Synopsys' Software and the SmartFlow Software is highly confidential and secret to Synopsys. As Synopsys explains further in its application to seal, disclosure of this information would be highly detrimental to Synopsys, providing notice of Synopsys' security measures to those who may seek ways to circumvent those measures. Consequently, Synopsys is filing an application to have this information sealed. Synopsys intends to designate this information as "Attorneys Eyes Only" so that Gyrfalcon is not given access to this information. Synopsys therefore asks that the Court execute the Model Protective Order, so that Synopsys may serve counsel for Gyrfalcon with the sealed portions of these papers.

## V. **CONCLUSION**

For all the reasons stated above, Synopsys respectfully requests that the Court issue (1) an order impounding devices Gyrfalcon used to circumvent Synopsys' software protection and granting Synopsys leave to conduct expedited discovery of these devices via forensic imaging and analysis and (2) enter the Court's Model Protective Order, submitted hereto, allowing the parties

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 11 -

SYNOPSYS' MOT. & MEM. ISO EXPEDITED
DISCOVERY

the ability to designate and file certain confidential information under seal.

DATED: October 25, 2018

By: <u>*/s/ Denise Mingrone*</u>
DENISE MINGRONE
Attorneys for Plaintiff
SYNOPSYS, INC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4142-3014-4280

- 12 -

SYNOPSYS' MOT. & MEM. ISO EXPEDITED
DISCOVERY